Gene Y. Kang, Esq.
Sean P. Gorton, Esq.
Barry I. Levy, Esq. (admitted *pro hac vice*)
Max Gershenoff, Esq. (admitted *pro hac vice*)
**RIVKIN RADLER LLP**
25 Main Street, Suite 501
Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460

*Attorneys for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY CO., <br><br> Plaintiffs, <br><br> v. <br><br> DANIEL J. YOO, M.D., WESTERN JANEDA ORTHOPEDICS OF NEW JERSEY, L.L.C., GREGORY S. TAMAGNINI, D.P.M., RICHARD BRAVER, D.P.M., STAR HEALTH MANAGEMENT, L.L.C., and HACKENSACK SURGERY CENTER, L.L.C., <br><br> Defendants. | Docket No.: 2:19-cv-16996 (CCC) (CLW) <br><br> **ORDER GRANTING MOTION TO SEAL** |

**THIS MATTER** having come before the Court pursuant to the motion of Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively, "Plaintiffs"), pursuant to Local Civil Rule 5.3(c), to seal the portions of Docket Nos. 69 and 71 that contain materials designated as "Confidential" (hereinafter referred to as the "Confidential Material") by Defendants Richard Braver, D.P.M., Star Health Management, L.L.C., and Hackensack Surgery Center, L.L.C. (collectively, the "Hackensack Surgery Defendants"); and the Court having considered the written submissions of the parties; and the Court having determined that this action involves allegations regarding the disclosure of confidential and proprietary information and for other and good cause having been shown; the Court makes the following findings and conclusions:

**FINDINGS OF FACT**

1. The information sought to be sealed has been designated as "Confidential" information pursuant to the Protective Order in this action. See Docket No. 46.

2. The information sought to be sealed falls within the definition of "Sensitive Commercial Data" under the terms of the Protective Order, inasmuch as the information includes financial records for Hackensack Surgery Center, L.L.C. and Star Health Management, L.L.C., and other proprietary and sensitive business information.

3. The Protective Order specifies – among other things – that such confidential information, if filed with the Court, should be filed under seal.

4. Plaintiffs' request is narrowly tailored to only the confidential information contained in the above materials. In this regard, the parties are permitted to file redacted, non-confidential versions of the subject materials.

## CONCLUSIONS OF LAW

5. Upon consideration of the papers submitted in support of the motion, and the information that the Hackensack Surgery Defendants have designated as "Confidential", the Court concludes that the burden of proving under Local Civil Rule 5.3 and applicable case law that the information described above should be sealed has been met. Specifically, the Court concludes that (a) the materials contain confidential information concerning the Hackensack Surgery Defendants' business; (b) the parties have a legitimate interest in maintaining the confidentiality of the information to protect its disclosure; (c) public disclosure of the confidential information would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the subject information is available.

7. The foregoing conclusions are supported by relevant case law holding that the right of public access to the full court transcript is not absolute, and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978); *see also Goldenberg v. Indel, Inc.*, No. 09-cv-5202, 2012 WL 15909, at *3-4 (D.N.J. Jan. 3, 2012). The Court, upon such a proper showing, may in its discretion prevent confidential information from being "transmuted into materials presumptively subject to public access." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 n.8 (2d Cir. 2004).

**IT IS** on this 8 day of October, 2019

**ORDERED** that based upon the foregoing findings of fact and conclusions of law, that the motion to seal is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall permit the Confidential Material in the documents filed at Docket Nos. 69 and 71 to be sealed permanently and take such

other steps as may be reasonably necessary to maintain the confidentiality of the Confidential Material.

**IT IS FURTHER ORDERED** that nothing herein shall constitute a ruling concerning future requests to seal.

_____*s/ Cathy L. Waldor*_____
HON. CATHY L. WALDOR, U.S.M.J.