UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD BRAVER, D.P.M., et al., <br><br> Defendants. | Civil Action No. 2:19-cv-16996-CCC-CLW <br><br> OPINION <br><br> FILED UNDER SEAL |

**I.   Introduction**

This matter comes before the Court on the motion of plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. ("Plaintiffs") seeking leave to file a third amended complaint [ECF No. 176-77]. Defendants Richard Braver, D.P.M., Star Health Management, L.L.C., and Hackensack Surgery Center, L.L.C. ("HSC") (collectively, "Defendants") have opposed the motion[1] and Plaintiffs have filed a reply. ECF No. 180, 184. The Honorable Claire C. Cecchi has referred the motion to the undersigned, who has carefully considered the relevant submissions and held oral argument on September 13, 2021. For the reasons stated below, Plaintiffs' motion is GRANTED.

**II.   Background**

Plaintiffs initiated this action in October 2018 in the U.S. District Court for the Eastern District of New York. ECF No. 1. Thereafter, Plaintiffs amended their complaint as a matter of

---

[1] The Court notes that Defendants' written opposition was submitted by their prior counsel, who passed away several months ago. Shortly after Defendants obtained new counsel the Court administratively terminated the instant motion, which it now resolves in accordance with its July 28, 2021 order. See ECF No. 190-91, 195-96.

course; the deadline for amended pleadings was set for April 12, 2019; the case was transferred to this Court; and the Court granted Plaintiffs' motion to file a second amended complaint. ECF No. 24, 34, 57, 84, 87. Defendants have moved to dismiss the second amended complaint; that motion is pending. ECF No. 95.

Briefly stated, Plaintiffs seek to recover millions of dollars in no-fault insurance (also known as personally injury protection, or "PIP") payments issued by them to Defendants. Plaintiffs allege that Defendants were ineligible to collect these sums because Defendants, who are medical providers, operated in violation of various state healthcare practice laws and regulations, compliance with which is a prerequisite to collecting PIP payments. See generally ECF No. 87.

The instant motion arises from the November 2020 deposition of Paul Klein, D.P.M. ("Klein"). As relevant here, Klein testified that he has been a member of HSC since 2011, and that he previously pleaded guilty to grand larceny arising from his association with a laboratory that submitted false claims for reimbursement. See ECF No. 177-4 at 10:22-25, 11:18-12:18.[2] Plaintiffs therefore seek to add allegations that Defendants' representations to the New Jersey Department of Health that none of HSC's "principals, owners, operators, or managers [had] ever been indicted for or convicted of a felony", ECF No. 177-5 at 2, were false, and somewhat more directly, that HSC unlawfully permitted Klein to become a member notwithstanding its knowledge of Klein's felony conviction, in turn providing another ground upon which Defendants were ineligible to collect PIP payments. See ECF No. 177-2 at ¶¶ 99-107; N.J A.C. § 8:43A-3.3 ("No facility shall be owned,

---

[2] By virtue of his guilty plea, Klein "admit[ted] that he was 'convicted' of a criminal offense" under section 1128(a)(1) of the Social Security Act. Paul G. Klein, D.P.M. v. The Inspector General, CR317 (May 19, 1994), available at https://www.hhs.gov/sites/default/files/static/dab/decisions/alj-decisions/1994/cr317.PDF.

2

managed, or operated by any person convicted of a crime relating adversely to the person's capability of owning, managing, or operating the facility.").[3]

### III. Legal Standards

Because Plaintiffs moved to amend after the deadline for amended pleadings, ECF No. 34, their motion implicates FED. R. CIV. P. 15(a)(2) and 16(b)(4). See, e.g., Karlo v. Pittsburgh Glass Works, LLC, 2011 U.S. Dist. LEXIS 125667, at *9 (W.D. Pa. Oct. 31, 2011) ("Where, as here, the motion [to amend] was filed after the deadline set by the Court, the movant must satisfy the requirements of Rule 16 before the Court will turn to Rule 15.").

Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." For purposes of Rule 16(b), "[a] finding of good cause depends on the diligence of the moving party. In other words, the movant must show that the deadlines cannot be reasonably met despite its diligence." Globespanvirata, Inc. v. Tex. Instruments, Inc., 2005 U.S. Dist. LEXIS 16348, at *9-10 (D.N.J. July 11, 2005) (quoting Rent-A-Center v. Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003) and citing FED. R. CIV. P. 16 advisory committee's note ("The court may modify the schedule on a showing of good cause if [the deadlines] cannot be reasonably met despite the diligence of the party seeking the extension.")); see, e.g., Konopca v. FDS Bank, 2016 U.S. Dist. LEXIS 41002, at *4 (D.N.J. Mar. 29, 2016) ("To show good cause, 'the moving party must demonstrate that a more diligent pursuit of discovery was impossible.'") (quoting Alexiou v. Moshos, 2009 U.S. Dist. LEXIS 81815, at *8 (E.D. Pa. Sept. 9, 2009)). "The 'good cause' standard is not a low threshold. Disregard for a scheduling order undermines the court's ability to control its docket,

---

[3] The proposed third amended complaint also makes minor ministerial changes and removes references to defendants Daniel J. Yoo, M.D., Western Janeda Orthopedics of New Jersey, L.L.C., and Gregory S. Tamagnini, D.P.M., who have been dismissed from the action. ECF No. 164.

disrupts the agreed-upon course of the litigation, and rewards 'the indolent and cavalier.'" J.G. v. C M., 2014 U.S. Dist. LEXIS 56143, at *4-5 (quoting Riofrio Anda v. Ralston Purina Co., 959 F.2d 1149, 1154-55 (1st Cir. 1992)).

Assuming good cause is shown, the Court proceeds to Rule 15(a)(2), under which "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The "three instances when a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend [are] when '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co., 839 F.3d 242, 249 (3d Cir. 2016) (quoting U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014)). The Third Circuit "has interpreted these factors to emphasize that 'prejudice to the non-moving party is the touchstone for the denial of the amendment.'" Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (quoting Cornell & Co. v. Occupational Safety and Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)).

IV.     Analysis

    a. Rule 16

Defendants primarily oppose Plaintiffs' motion under Rule 16(b)(4), arguing that the information upon which the proposed amendments are based was available to Plaintiffs from the beginning of this action, and therefore that Plaintiffs failed to act diligently in seeking leave to amend. Defendants' argument is not entirely misplaced: Klein's conviction appears to be a matter

4

of public record[4] and therefore, theoretically could have been discovered at any time during the pendency of this action.

However, "Rule 16(b)(4) does not require a party to exercise an advanced or superior level of diligence, but rather requires only reasonable diligence." Sabatino v. Union Twp., 2013 U.S. Dist. LEXIS 54866, at *14 (D.N.J. Apr. 15, 2013) (citing Fermin v. Toyota Material Handling, U.S.A., Inc., 2012 U.S. Dist. LEXIS 56422, at *8 (D.N.J. Apr. 23, 2012)), which stated that "courts typically examine whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the amended motion before the deadline had expired"). The Court is of the view that Defendants here demand "an advanced or superior level of diligence", id., and that Plaintiffs' failure to move before they did does not constitute "indolent [or] cavalier" practice. J.G. v. C.M., supra. Under the present circumstances – i.e., a decades-old conviction of a non-party to this action, as to whom it is unclear whether Plaintiff knew of his involvement with Defendants until some nine months after the deadline for amended pleadings, see ECF No. 184 at 12 ("Hackensack Surgery Defendants were not required to disclose Hackensack Surgery's corporate tax records, which evidence Klein's financial involvement with Hackensack Surgery, until January 15, 2020 . . . .") – the Court finds it reasonable that Plaintiffs were not searching for evidence of Klein's guilty plea, or, more pointedly, evidence that HSC permitted Klein's membership despite its knowledge of the conviction. Cf. Ribik v. Peerless Indem. Ins. Co., 2015 U.S. Dist. LEXIS 81158, at *4 (N.D. Ind. June 16, 2015) (defendant granted leave to amend answer after deadline because subject issue was "unusual enough that it is understandable that Defendant wasn't rooting around

---

[4] See https://www.hhs.gov/sites/default/files/static/dab/decisions/alj-decisions/1994/cr317.PDF; https://www.nytimes.com/1990/01/06/nyregion/pharmacist-and-podiatrist-admit-medicaid-schemes.html. Klein's conviction also was the subject of a 2017 lawsuit – likewise a matter of public record – brought by him against Horizon Blue Cross Blue Shield for alleged failure to remit insurance payments.

5

for it"). While such information may have been available to Plaintiffs in the abstract, this alone would not necessarily have triggered a reasonable plaintiff to search through Klein's membership application materials in which his conviction was disclosed. Cf., e.g., Grasso v. Consol. Rail Corp., 2013 U.S. Dist. LEXIS 86738, at *16 (D.N.J. June 20, 2013) ("Although the January 2009 incident clearly occurred before plaintiff initiated this lawsuit on January 23, 2012, there is no indication that plaintiff knew of the connection between that incident and its effect on his injuries until Dr. Green's deposition on April 17, 2013.") (granting leave to amend after deadline); Sabatino, 2013 U.S. Dist. LEXIS 54866, at *15 (granting motion to add parties after deadline where "Plaintiff . . . may have possessed the names of the proposed parties before the deadline for amending the complaint, but the list of names was nearly fifty in number and the report from the incident referred mostly to the parties in generic terms", and only thereafter did plaintiff receive "a refined list of parties from whom he might seek" relief). As in these matters, the underlying events' impact on the present matter did not coincide with their occurrence, and indeed fully took shape only after Klein's deposition, less than one month after which Plaintiffs moved to amend.[5] Accordingly, the Court concludes that Plaintiffs have demonstrated adequate diligence under Rule 16(b)(4).

b. <u>Rule 15</u>

Defendants advance two Rule 15 arguments in opposition to Plaintiffs' motion: that the proposed amendments are futile, and that Defendants will be prejudiced because the amendments will entail a "new round of 12-month discovery." The Court rejects both arguments.

---

[5] Moreover, this chronology was protracted due to Klein's failure to comply with Plaintiffs' deposition subpoena, which required Plaintiffs to move to compel his examination. ECF No. 161.

Defendants' futility argument centers on the size of Klein's ownership in HSC – according to Defendants, 1/2000th of the entity[6] – and relatedly, that Klein does not perform any operations for HSC or participate in its management. This argument is misplaced. As noted, the law states, flatly, that "[n]o facility shall be owned, managed, or operated by any person convicted of a crime relating adversely to the person's capability of owning, managing, or operating the facility." N.J A.C. § 8:43A-3.3(b). The law is qualitative, not quantitative: it contains no ownership, membership, or operational minimum; Defendants' argument improperly reads such a requirement into it. Cf., e.g., Allstate Ins. Co. v. Orthopedic Evaluations, Inc., 693 A.2d 500, 505 (Super. Ct. App. Div. 1997) and n.2 (provider was not eligible to collect PIP payments even though "there has been no finding in this case that the patients evaluated by [provider] were disserved; only that [provider] failed to conform with the protective measures required by the Board."). If proven, Klein's membership interest – no matter how infinitesimally small – violates the law and therefore exposes Defendant to liability.

The Court also disagrees with Defendants' contention that the amendments will force them to double back on the extensive discovery that has been completed to date. The proposed amendments provide a limited and discrete basis for potential liability, and, contrary to Defendants' argument, it is the facts already in the record that have yielded the proposed amendments, as opposed to the amendments entailing significant factfinding going forward. Moreover, fact discovery remains open. See, e.g., Glotech USA, Inc. v. Bluebird, Inc., 2017 U.S. Dist. LEXIS 130202, at *18 (D.N.J. Aug. 16, 2017) (permitting amendment where "[f]act discovery is still ongoing in this matter and the additional discovery necessitated by Plaintiff's new claims will not require any extensive

---

[6] Plaintiffs dispute this sum; the exact membership percentage is irrelevant for reasons that immediately follow.

extensions of the discovery period"). Plaintiffs have represented that they do not intend to conduct extensive discovery in connection with the proposed amendments or to re-depose any witnesses. The Court will, of course, hold Plaintiffs to their word, while also managing discovery such that the parties are given the opportunity to explore all matters relevant and proportional to the needs of the case.

V. <u>Conclusion</u>

An order consistent with this opinion follows.

Dated: September 15, 2021

<u>/s/ Cathy L. Waldor</u><br>
Cathy L. Waldor, U.S.M.J.